J. M. Minnick v. David F. Matchett and Clark J. Hanks.

**No. 813.**   (63 Pac. 276.)

Practice, District Court—*Action on Promissory Note—Venue —Judgment.* An action was brought in the court of common pleas of Wyandotte county against M. as maker and H. as guarantor of two certain promissory notes. Personal service of summons was had upon H. in Wyandotte county, and upon M. in Franklin county, where they respectively resided. Neither defendant answered. Judgment was rendered upon default against M. alone, which judgment was afterward, during the same term of court, set aside upon his motion. At the next term of court judgment was rendered against both said defendants without any appearance of either. At the next succeeding term M. moved to vacate said judgment as to him for want of jurisdiction, which motion was by the court overruled. *Held,* not error.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed January 1, 1901. Affirmed.

*E. H. Gamble,* for plaintiff in error.

*Sutton & Maher,* for defendants in error.

The opinion of the court was delivered by

Wells, J. : This action was brought in the court of common pleas of Wyandotte county by David F. Matchett against J. M. Minnick and Clark J. Hanks upon certain promissory notes executed by said Minnick to the Plano Manufacturing Company. Said notes were purported to be guaranteed by Clark J. Hanks and transferred to the plaintiff. Service of summons was made in Wyandotte county on Hanks, and on Minnick in Franklin county, where he resides. On March 7, 1899, judgment was rendered therein against said J. M. Minnick alone. On March 31,

12—10 kan. app.

1899, Minnick filed a motion to set aside the judgment, alleging want of jurisdiction in this, that he was the only defendant liable on said notes; that the said Hanks was employed by plaintiff to indorse them solely as an excuse to bring the action in a county other than where said defendant resided, which was in Franklin county; and that defendant did not appear at the time of trial through a mistake of his attorney as to dates.   On May 1, 1899, this motion was sustained and the judgment set aside.   At the September, 1899, term of said court, another judgment was rendered in the cause; this time against both of the defendants J. M. Minnick and Clark J. Hanks. On the 14th of February, 1900, Minnick filed a motion to set aside the last-rendered judgment and to correct the journal entry of the action of the court on May 1, 1899, so as to show the dismissal of the case, which motion was, on February 17, 1900, overruled, and the case brought here for review.

There are two assignments of error made by the plaintiff in error:

"1. The court erred in rendering the second judgment against the defendant Minnick, because it had no jurisdiction over his person.

"2. The court erred in overruling the motion of the defendant Minnick to set aside the second judgment rendered against him, because said judgment was void."

These raise but the one question of the jurisdiction of the court over the defendant, the plaintiff in error here.

We think the court had jurisdiction.   The defendant Hanks appears from the petition to have been a proper defendant, personal service was had upon him in the county where the action was pending, and this

gave *prima facie* authority for the service upon the plaintiff in error. The good faith of the suit against Hanks was questioned by the motion to set aside the first judgment, and that judgment was vacated presumably to give the plaintiff in error an opportunity to try the issues involved. This he failed to do, and at the next term judgment was taken against both of the defendants. So far as this case in its present condition is concerned, we must presume that the action was rightly brought in Wyandotte county. The theory of the plaintiff in error seems to be that the taking of a judgment against him and not against Hanks was equivalent to a dismissal as to Hanks, or perhaps as a finding in his favor, and therefore removed the foundation upon which the jurisdiction of the plaintiff in error was predicated. The fallacy of this proposition is in the premises. The validity of the claim against Hanks was the basis of the service upon the plaintiff in error, and when that was disputed the court properly vacated the judgment already rendered and placed the parties in a position to try that issue. This they failed to do, and upon this failure there was nothing for the court but to render judgment upon the pleadings filed. The judgment of the court of common pleas is affirmed.

McElroy, J., concurring.

Mahan, P. J. (dissenting) : In the first instance the court rendered judgment against the plaintiff in error without jurisdiction acquired as prescribed by law. The judgment was a void one for that reason. The plaintiff in error treated it as a void judgment and moved the court to vacate it as such, under the provisions of section 575 of the code (Gen. Stat. 1897, ch. 95, §§ 602, 603 ; Gen. Stat. 1899, § 4869). The

ground of the motion was that the court was without jurisdiction. There were some statements in the motion by way of excuse for the delay or for failing to object in the first instance to the rendition of the judgment, which were mere surplusage.

The court sustained the motion and entered an order setting aside and vacating the judgment, and adjudged that it be held for naught.

At the next term of court, without any steps being taken to give the court jurisdiction to render judgment against the defendant, another judgment was rendered against him and a codefendant, who was originally named in the petition, who had been served with summons, but against whom no judgment had been taken.

The facts charged in the motion to vacate the first judgment were that the plaintiff and this codefendant had fraudulently colluded together for the purpose of imposing upon the court and giving it an apparent jurisdiction of the plaintiff in error, and to further that design the codefendant had put his name on the back of the note sued upon as guarantor, not in good faith; that no liability was assumed thereby, but, on the contrary, it was agreed that no judgment should be taken against him and in fact none was taken.

The judgment of the court sustaining this motion is in effect a finding that the grounds of the motion are true and that the court was without jurisdiction to render a judgment against the defendant.

No further steps having been taken to confer jurisdiction upon the court to render the subsequent judgment against him, it was likewise without jurisdiction and void, and the motion to vacate it should have been sustained.

There was nothing left of the cause pending in the court and no issue left to be tried.

The court, on the first motion, did not award a new trial in any sense under any of the provisions of the code ; it vacated a fraudulent void final judgment and that terminated the cause.